HUDDLE v. MADISONVILLE (VIL.) ET AL.
BRAMBLE ET AL. v. MADISONVILLE (VIL.)

1. TEMPORARY FAILURE TO MAKE INTERSECTING SIDEWALKS MEET AT GRADE DOES NOT INVALIDATE ASSESSMENT.

The fact that a sidewalk as constructed is some feet below the grade of the intersecting street does not invalidate the assessment, where it appears that the grade of the sidewalk is at the proposed grade of the intersecting street, the improvement of which is in contemplation.

Huddle v. Madisonville.

2. SIGNING PETITION FOR SIDEWALK IMPROVEMENT ESTOPS SIGNER FROM
DENYING ASSESSMENT THEREFOR.

> Payment of an assessment for a sidewalk on one side of a corner
> lot does not relieve the owner from payment of the assessment
> for the walk on the other street, where the later improvement
> is one for which he himself petitioned.

APPEAL from common pleas.

*S. W. Bell*, for plaintiff, Huddle:

Cited and commented upon the following authorities: *Cincinnati* v. *Connor*, 55 Ohio St. 82 [44 N. E. Rep. 582] ; *Cincinnati* v. *Sherike*, 47 Ohio St. 217 [25 N. E. Rep. 169] ; *Meek* v. *Collinwood* (*Vil.*), 30 O. C. C. 63 (10 N. S. 9) ; *Cincinnati* v. *Cincinnati & Spring Grove Ave. Co.* 26 Ohio St. 345 ; *McGlynn* v. *Toledo*, 12 Circ. Dec. 15 (22 R. 34) ; *Minor* v. *Hamilton* (*Bd. of Cont.*) 11 Circ. Dec. 16 (20 R. 5) ; *Hays* v. *Cincinnati*, 62 Ohio St. 116 [56 N. E. Rep. 658] ; *Monroe* v. *Cleveland*, 29 O. C. C. 633 (9 N. S. 523) ; *Birdseye* v. *Clyde*, 61 Ohio St. 27 [55 N. E. Rep. 169] ; *Lewis* v. *Taylor*, 61 Ohio St. 471 [56 N. E. Rep. 194 ; 76 Am. St. Rep. 428] ; *Tone* v. *Columbus*, 39 Ohio St. 281 [48 Am. Rep. 438] ; *Hildebrand* v. *Toledo*, 27 O. C. C. 427 (6 N. S. 450) ; *Carlisle* v. *Cincinnati*, 29 O. C. C. 81 (8 N. S. 46).

*W. W. Clippinger*, for plaintiff, Bramble.

*Harry W. Vordenberg*, for defendants.

**SMITH, J.**

The court is of the opinion that all steps taken by the defendant, the village of Madisonville, looking toward the improvement of Home avenue by the construction of sidewalks were legal, and that the assessment of the cost thereof is valid. The grading for said improvement was necessary, and the assessment was uniform, as required by law.

We think, in addition, that plaintiff is estopped from questioning said assessment by reason of his petition asking for the construction of the improvement, in which he waived all defenses as to defects in proceedings, charges, etc., incurred thereby, and consequently agreed to pay for the same by the front

footage upon the lots abounding and abutting upon Home avenue.

It is also clear from the evidence that the assessment levied does not exceed the special benefits to the property; and this is true of the property at the corner of Bramble and Home avenues, for while at present the sidewalk at the junction of these streets is some feet below the surface of Bramble avenue, yet, as the sidewalk is constructed to meet the grade of Bramble avenue when improved, which improvement is now in contemplation, the inconvenience in the use of the sidewalks at this point is merely temporary, and can in no way be construed as being detrimental to the property. The only correct method to pursue in the construction of the sidewalks was to have them meet at grade at Home and Bramble avenues.

As to the corner lot at Clason and Home avenues, while it is urged that said lot should be relieved from the assessment for the reason that it has already been passed for the walk on Clason avenue, yet what has been said in regard to the petition for the improvement applies to this property also. The owner of this lot asked for the construction of the sidewalk, and he is thereby estopped from objecting to the assessment, for otherwise the village could well have declined to construct the same, having knowledge of the prior assessment, and but for the petition would not have made the improvement.

The petitions will be dismissed.

Giffen and Swing, JJ., concur.